■ In the Matter of THOMAS COLLINS et al., Appellants, v. WILLIAM D. MEISSER et al., Constituting the Board of Elections of the County of Nassau, Respondents. In the Matter of MICHAEL N. PETITO et al., Appellants, v. WILLIAM D. MEISSER et al., Constituting the Board of Elections of the County of Nassau, Respondents.— The first above proceeding, pursuant to section 330 of the Election Law, is to compel the Board of Elections of the County of Nassau to determine by lot the positions of candidates as they will appear on the ballot for the primary election to be held on June 18, 1968. Petitioners therein (candidates) appeal from judgment of the Supreme Court, Nassau County, entered May 29, 1968, which denied the application and dismissed the petition. The second above proceeding, pursuant to section 330 of the Election Law, is by certain designees for the office of delegate to the 1968 Democratic National Convention from the Third, Fourth and Fifth Congressional Districts, Nassau County, to compel the Board of Elections of the County of Nassau (1) to determine by lot the position of all groups of designees for said office whose names appear on the same petition on the ballot for the primary election to be held on June 18, 1968 and (2) to place said groups of designees on a line or lines separate and apart from the lines bearing the names of designees for United States Senator or any other candidate for public or party office. Petitioners therein appeal from a judgment of the Supreme Court, Nassau County, entered May 29, 1968, which denied the application and dismissed the petition. Judgments affirmed, without costs (*Matter of Greitzer* v. *Power*, 10 A D 2d 921). Beldock, P. J., Christ, Rabin and Munder, JJ., concur; Benjamin, J., dissents and votes to reverse the judgments and to remit the proceedings to Special Term, with the following memorandum: The spirit and intendment of the law on primaries is to provide an opportunity to enrolled members of a political party to make selections of candidates for any and all offices without regard to party or leadership indorsements, or the political philosophy of the various candidates contesting in such primaries. The creation of across-the-board slates by the Board of Elections by arbitrary grouping based on supposed philosophy and loyalties of the various candidates to be

voted for in such primary does violence to the right of the candidates to be selected by the voters of their party, without the aid or handicap, as the case may be, of such identification by the board. Under the circumstances of this case, the determination of on which of the three lines each group of three shall be placed can properly be resolved only by drawing lots. *Matter of Greitzer* v. *Power* (10 A D 2d 921), relied upon by the majority herein, is not applicable to the facts in the case. I, therefore, vote to reverse the judgments and remit to Special Term for such purpose.